**United States Bankruptcy Court**
**Northern District of California**

| | |
|---|---|
| **In re:** | **Case No. 14-41486 CN** |
| **Charles Michael Swan** | **Chapter 11** |

______________________/

**PROPOSED COMBINED PLAN OF REORGANIZATION**
**AND DISCLOSURE STATEMENT**
**(Dated June 5, 2015)**

## INTRODUCTION

This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

Part 1 contains the treatment of creditors with secured claims; Part 2 contains the treatment of general unsecured creditors: 10% of their allowed claims in quarterly payments over 60 months. Taxes and other priority claims would be paid in full, as shown in Part 3.

Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than [to be determined at a later date]. The court will hold a hearing on confirmation of the Plan on [to be determined at a later date] at [no time scheduled].

Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's monthly income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. Exhibit 5 shows Debtor's monthly income and expenses related to

each investment property.

Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion to have the case dismissed or converted to a Chapter 7 liquidation, or enforce their non-bankruptcy rights. Debtor will be discharged from all pre-confirmation debts (with certain exceptions) if Debtor makes all Plan payments. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 5 and 6 of the Plan.

## PART 1: TREATMENT OF SECURED CREDITORS

**Creditors' Rights Remain Unchanged.**

| Class | Name of Creditor | Description of Collateral |
|---|---|---|
| 1(a) | Ocwen Loan Servicing<br>1661 Worthington Road #100<br>West Palm Beach, FL 33416-4737 | 39077 Mount Vernon, Fremont, CA |

These creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. The confirmation order will constitute an order for relief from stay. Creditors in these classes shall retain their interest in the collateral until paid in full. **These secured claims are not impaired and are not entitled to vote on confirmation of the Plan.**

**Debtor to Make Regular Payments and Pay Arrears Over Time.**

| Class | Name of Creditor | Collateral | Regular Monthly Payment | Estimated Arrears | Interest Rate on Arrears | Monthly Payment on Arrears |
|---|---|---|---|---|---|---|
| 1(b) | HSBC Bank (Select Portfolio | 39085 Mount Vernon, Fremont, CA | 2,913.88 | 15,896.95 | -0- | 265.00 |
| | | | | | | |

*Debtor will pay the entire amount contractually due by making all post-confirmation regular monthly payments, and by paying all pre-confirmation arrears (including attorneys fees and late charges) without interest in 60 equal monthly payments, due the 1st day of the month, following the effective date of the plan ~~starting [month & year]~~ on the above secured claims. To the extent arrears are determined to be other than as shown above, appropriate adjustments will be made in the number of payments. Creditors in these classes shall retain their interest in the collateral until paid in full.*

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and entitled to vote on confirmation of the Plan.**

**Debtor to Strip Off Lien.**

| Class | Name of Creditor | Collateral | Amount Due |
|---|---|---|---|
| 1(c) | Bank of America | 39085 Mount Vernon, Fremont, CA 94538 | $49,984.00 |
| 1(d) | PNC Mortgage | 39057 Mount Vernon, Fremont, CA | $59,166.00 |

Prior to confirmation, Debtor will obtain an order(s) or stipulation(s) fixing the secured amount of the above creditors' claims at zero. Debtor will pay nothing to those creditors as secured claims. Any claim of a creditor whose lien is stripped is a general unsecured claim treated in Part 2. Creditors in these classes shall retain their interest in the collateral

consistent with the Court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). The Court's Guidelines for Valuing and Avoiding Liens in Individual Chapter 11 Cases and Chapter 13 Cases will apply. **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

**Debtor to Adjust Terms and Pay Amount Due in Full Over Time.**

| Class | Name of Creditor | Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---|---|---|---|---|---|---|
| 1(e) | PNC Bank | 39057 Mount Vernon, Fremont, CA | $642,063 | 4% | 3,003.00 | 30 |

Debtor will pay the entire amount contractually due with interest through 360 equal monthly payments, due the 1st day of the month, starting August 1, 2015 on the above secured claims. Creditors in these classes shall retain their interest in the collateral until Debtor makes all payments on the allowed secured claim specified in the Plan.

Creditors in these classes may not repossess or dispose of their collateral so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **These secured claims are impaired and are entitled to vote on confirmation of the Plan.**

Payments to claimants in these classes may continue past the date Debtor obtains a discharge. The claimants' rights against its collateral shall not be affected by the entry of discharge, but shall continue to be governed by the terms of this Plan.

**PART 2: TREATMENT OF GENERAL UNSECURED CREDITORS**

**Class 2. General Unsecured Claims.**

| Name of Creditor | Amount of Claim | Disputed Y/N | Amount to be Paid | Quarterly Payment Estimated Commencement Date |
|---|---|---|---|---|
| Bank of America (Classified above as a striped 1© claim | 49,984.00 | N | 4,998 | $90 September 1, 2015 |
| Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | 209.59 | N | 1,172 (10% of $11,718 representing the Total of all Capital One Claims | $21 September 1, 2015 |
| Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | 3,479.00 | N | See above | |
| Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | 184.69 | N | See above | |
| Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | 3,719.61 | N | See above | |
| Capital One Bank (USA), N.A. by American InfoSource LP as agent PO Box 71083 Charlotte, NC 28272-1083 | 4,125.32 | N | See above | |

| Cerastes, Llc<br>C O WEINSTEIN,PINSON AND RILEY, PS<br>2001 Western Avenue, Ste 400<br>Seattle, WA 98121 | 59,000.00 | N | 5,900.00 | $106<br>September 1, 2015 |
|---|---|---|---|---|
| Employment Development Dept.<br>Bankruptcy Group MIC 92E<br>POB 826880<br>Sacramento CA 94280-0001 | 978.64 | N | 98 | $2<br>September 1, 2015 |
| PNC<br>(Classified above as a striped 1(d)claim | 59,166.00 | N | 5,916 | $106<br>September 1, 2015 |
| Internal Revenue Service<br>Insolvency Section<br>PO Box 7346<br>Philadelphia, PA 19101 | 38,159.25 | Y | 3,816 | $69<br>September 1, 2015 |
| PYOD, LLC its successors and assigns as assignee of Citibank (South Dakota), N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | 16,111.99 | N | 1,611 | $29<br>September 1, 2015 |
| U.S. Trustee<br>Office of the United States Trustee<br>1301 Clay Street, Suite 690N<br>Oakland, CA 94612 | 650.00 | | | $12<br>September 1, 2015 |
| Total | 235,768.09 | | 23,411 | 345 |

Allowed claims of general unsecured creditors shall be paid as follows:

**Percent Plan.** Creditors will receive 10 percent of their allowed claim in 60 equal quarterly installments with 3% interest, due on the 1st day of the quarter immediately following the effective date of the plan.

Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **This class is impaired**

**and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

For purposes of administrative convenience all Capital One claims will be treated as a single claim for purposes of voting and payment.

## PART 3: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS

(a) Professional Fees.

Debtor will pay the following professional fees in full on the Effective Date, or upon approval by the court, whichever is later.

| Name and Role of Professional | Estimated Amount |
|---|---|
| William F. McLaughlin | $10,000.00 |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) Other Administrative Claims. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| | |
| | |

(c) Tax Claims. Debtor will pay allowed claims entitled to

priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code. Payments will be made [monthly/quarterly], due on the [number] day of the [month/quarter], starting [month & year]. To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments.

Priority tax creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 6(c)). **Priority tax claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| *Employment Development Dept.*<br>*Bankruptcy Group MIC 92E*<br>*POB 826880*<br>*Sacramento CA 94280-0001* | $1,031.41 | 3% | $24.77 | 44 |
| *Internal Revenue Service*<br>*Insolvency Section*<br>*PO Box 7346*<br>*Philadelphia, PA 19101* | $38,159.25 | 3% | 916.91 | 44 |

## PART 4: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

(a) Executory Contracts/Unexpired Leases Assumed. Debtor assumes the following executory contracts and/or unexpired leases upon confirmation of this Plan and will perform all pre-confirmation and post-confirmation obligations thereunder. Post-confirmation obligations will be paid as they come due. Pre-confirmation arrears will be paid [select one] [in full on the Effective Date] in [number] equal [monthly/quarterly] installments beginning on the first day of [month & year].

| Name of Counter-Party | Description of Contract/Lease | Estimated Total Cure Amount | Installment Amount | Number of Installments |
|---|---|---|---|---|
| N/A | All tenants under month to month tenancies | | | |
| | | | | |

(b) Executory Contracts/Unexpired Leases Rejected. Debtor rejects the following executory contracts and/or unexpired leases and surrenders any interest in the affected property, and allows the affected creditor to obtain possession and dispose of its property, without further order of the court. Claims arising from rejection of executory contracts have been included in Class 2 (general unsecured claims).

| Name of Counter-Party | Description of Contract/Lease |
|---|---|
| N/A | All tenants are under month to month tenancies |
| | |

(c) Executory contracts and unexpired leases not specifically assumed or rejected above will be deemed [select one] [assumed/rejected].

**PART 5: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION**

(a) Discharge. Debtor shall not receive a discharge of debts until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) Vesting of Property. On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 6(f) below.

(c) Plan Creates New Obligations. Except as provided in Part 6(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan. Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under California law. To the extent a creditor retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 6: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) Creditor Action Restrained. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan.

Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 6(e) below.

(b)  Obligations to Each Class Separate.  Debtor's obligations under the Plan are separate with respect to each class of creditors.  Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes.  For purposes of this Part 6, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c)  Material Default Defined.  If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default.  If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d)  Remedies Upon Material Default.  Upon Material Default, any member of a class affected by the default: (i) may file and serve a motion to dismiss the case or to convert the case to Chapter 7; or (ii) without further order of the court has relief from stay to the extent necessary, and may pursue its lawful remedies to enforce and collect Debtor's pre-confirmation obligations.

(e)  Claims not Affected by Plan.  Upon confirmation of the Plan, and subject to Part 5(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) Effect of Conversion to Chapter 7. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate to the same extent provided for in section 348(f) of the Bankruptcy Code upon the conversion of a case from Chapter 13 to Chapter 7.

(g) Retention of Jurisdiction. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court (see Part 7(f)); (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation and enforcement of the Plan.

**PART 7: GENERAL PROVISIONS**

(a) Effective Date of Plan. The Effective Date of the Plan is the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed. If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed. If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) Disputed Claim Reserve. Debtor will create a reserve for disputed claims. Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed. If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim. Any funds no longer needed in reserve shall be [select one] [returned to Debtor] [distributed pro-rata among allowed claims in this class].

(c) Cramdown. Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan

despite the rejection of the Plan by one or more classes of creditors.

(d) Severability. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) Governing Law. Except to the extent a federal rule of decision or procedure applies, the laws of the State of California govern the Plan.

(f) Lawsuits.

Debtor believes that causes of action for fraudulent transfers, voidable preferences, or other claims for relief exist against the following parties:

| Party | Creditor Y/N | Nature of Claim | Amount of Claim | Will Debtor Prosecute Action? Y/N |
|---|---|---|---|---|
| None | | | | |
| | | | | |

(g) Notices. Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

(h) Post-Confirmation United States Trustee Fees. Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6). So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i) Deadline for § 1111(b) Election. Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: June 5, 2015

/s/ Charles Swan
Debtor

/s/ William F. McLaughlin
Attorney for Debtor

Case: 14-41486 Doc# 65 Filed: 06/05/15 Entered: 06/05/15 23:17:03 Page 13 of 22

**Attorney Certification**

I, William F. McLaughlin, am legal counsel for the Debtor(s) in the above-captioned case and hereby certify the following: (i) the foregoing plan is a true and correct copy of the Individual Chapter 11 Combined Plan and Disclosure Statement promulgated by the Northern District of California, San Francisco Division, on July 30, 2012 (the "Standard-Form Plan"); and (ii) except as specified below, there have been no alterations or modifications to any provision of the Standard-Form Plan.

The following provisions of the Standard-Form Plan have been altered or otherwise modified.

Page 6: Percent Plan. Creditors will receive 10 percent of their allowed claim in 60 equal quarterly installments with 3% interest, due on the 1st day of the quarter immediately following the effective date of the plan.

Page 7: For purposes of administrative convenience all Capital One claims will be treated as a single claim for purposes of voting and payment.

[indicate the page number, line number, and general subject-matter for each modification]

I declare that the foregoing is true and correct. Executed this 5th day of June, 2015.

/s/ William F. McLaughlin
Attorney for Debtor(s)

**Exhibit 1 - Events That Led To Bankruptcy**

Debtor operates a tax preparation and bookkeeping service out of his home. Debtor owns three single family residences – all situated on the same block in Fremont, CA. Two of the residences are rental properties. Debtor uses the third property as his personal residence and the site from which he conducts his tax preparation business.

During the 2008 recession debtor's properties all declined significantly in value. And, like similarly situated owners in debtor's position, debtor sought modification of the mortgage held by PNC on one of his rental properties. Debtor was advised that he could not be considered for modification unless his mortgage was in arrears. Debtor ceased making mortgage payments in order to qualify for modification consideration and submitted all required paperwork. The process dragged on interminably and debtor's modification request was denied for reasons not understood by the debtor. When debtor attempted to resume making payments on the mortgage, his payments were rejected. Debtor was advised that his loan could be reinstated only if he made payment sufficient to cover all accrued delinquent mortgage payments. Debtor did not have the financial resources to cure such amount and the lender commenced foreclosure.

Debtor's tax returns for 2007, 2008 and 2009 were the subject of IRS audits and resulted in an assessment of additional taxes in excess of $900,000. Debtor appealed his assessment to the United States Tax Court. Debtor is now informed that he will have no personal income tax liability for 2007, 2008 and 2009. He will remain liable for unpaid fica and futa business taxes for the years stated in the claim filed by the IRS. The elimination of the income tax assessments for these years will also eliminate the penalties related to these taxes. The penalties were substantial. There has not yet been a definitive decision on the tax appeals but the above information reflects debtor's understanding of the present status of the appeal.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

Real Property #1: 39077 Mount Vernon, Fremont, CA (Debtor's Res.)

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $560,013 Zillow 6/5/15 | 1st Ocwen $473,034 | N/A | N/A | $75,000 | 0.00 |

Real Property #1: 39085 Mount Vernon, Fremont, CA (Rental)

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $549,001 Zillow 6/5/15 | 1st HSBC Bank USA trustee through its servicer Select Portfolio $569,930.91 | N/A | N/A | N/A | 0.00 |
| | 2nd Bank of America $49,984.00 | | | | |

Real Property #1: 39057 Mount Vernon, Fremont, CA (Rental)

| Fair Market Value | Liens | Cost of Sale | Resulting Income Tax | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|---|
| $498,348 Zillow 6/5/15 | 1stPNC Bank $642.063.23 | N/A | N/A | N/A | 0.00 |
| | 2nd PNC Bank $59,166 | | | | |

Personal Property:

| Description | Liquidation Value | Secured Claim | Amt of Exemption | Net Proceeds |
|---|---|---|---|---|
| DIP Accounts (As of Feb 2015 Operating Report) | 47,571.00 | 0.00 | 0.00 | 47,571.00 |
| Automobile #1 1984 Mercedes Benz 350SL | $2,000.00 | 0.00 | $2,000.00 | 0.00 |
| Automobile #2 1969 VW | $500.00 | 0.00 | $500.00 | 0.00 |

| Household Furnishings | $800.00 | 000 | $800.00 | 0.00 |
|---|---|---|---|---|
| Jewelry | | | | |
| Equipment Office Computer, desks, chairs, peripherals and supplies. | $2,200.00 | 0.00 | $2,200.00 | 0.00 |
| Stocks / Investments | 0.00 | 0.00 | 0.00 | 0.00 |
| Other Personal Property Debtor's wholly owned sole proprietor Cal Tax Service tax preparation business | $1,000.00 (nominal value, highly fluctuating monthly income; uncertain customer base. | 0.00 | 0.00 | 1,000.00 |
| TOTAL | | | | 48,571.00 |

| Net Proceeds of Real Property and Personal Property | | 48,571.00 |
|---|---|---|
| Recovery from Preferences / Fraudulent Conveyances | [ADD] | 0.00 |
| Chapter 7 Administrative Claims | [SUBTRACT] | 0.00 |
| Chapter 11 Administrative Claims | [SUBTRACT] | 10,000.00 |
| Priority Claims | [SUBTRACT] | 39,191.00 |
| Chapter 7 Trustee Fees | [SUBTRACT] | 5,607.00 |
| Chapter 7 Trustee's Professionals (Accountant) | [SUBTRACT] | 3,000.00 |
| NET FUNDS AVAILABLE FOR DISTRIBUTION TO UNSECURED CREDITORS | | 0.00 |

| Estimated Amount of Unsecured Claims | 235,768.09 |
|---|---|
| Percent Distribution to Unsecured Creditors Under Proposed Plan | 10.00% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 0.00% |

**Exhibit 3 - Monthly Income and Expenses**

| **Income** | Amount |
|---|---|
| Gross Employment Income [8 Month Average Operations Gross from August 2014 to March 2015 see operating reports] | |
| Gross Business Income [Based upon same information] | 16,748.00 |
| [OTHER INCOME - DESCRIBE] | |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | 586.00 |

| **A. Total Monthly Income** | 17,064.00 |
|---|---|

| **Expenses**<br>Includes Plan Payments on Secured Claims for Residence and Car | Amount |
|---|---|
| Payroll Taxes and Related Withholdings | 2,000.00 |
| Retirement Contributions (401k, IRA, PSP) | |
| Shelter Expenses (rent/mortgage (1425), insurance (85), taxes (500), utilities (250); | 2,260.00 |
| Household Expenses (food) | 500.00 |
| Transportation Expenses (car payments, insurance, fuel) | 250.00 |
| Personal Expenses (e.g. recreation, clothing, laundry, medical) | 300.00 |
| Alimony / Child Support | |
| Other Expenses: Operation of Business | 8,432.00 |
| | |
| Negative Cash Flow on Investment Property (Exhibit 5, Line B) | 190.00 |
| **B. Total Monthly Expenses** | 13,932.00 |

| **C. Disposable Income** (Line A - Line B) | 3,132.00 |
|---|---|

| **Plan Payments**<br>Plan Payments Not Included in Calculating Disposable Income | Amount |
|---|---|
| Administrative Claims | |
| Priority Claims | 942.00 |
| General Unsecured Creditors | 345.00 |
| [OTHER PLAN PAYMENTS – HSBC arrearage payment] | 265.00 |
| **D. Total Plan Payments** | 1,552.00 |

| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | 1,580.00 |
|---|---|

**Exhibit 4 - Effective Date Feasibility**

Can the Debtor Make the Effective Day Payments?

| | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date | | 48,571.00 |
| Payments on Effective Date | | |
| Unclassified Claims | 0.00 | |
| Administrative Expense Claims | 10,000.00 | |
| Priority Claims | 0.00 | |
| Small Claims (Class 2(a)) | 0.00 | |
| U.S. Trustee Fees | 0.00 | |
| B. Total Payments on Effective Date | | 10,000.00 |
| **C. Net Cash on Effective Date** (Line A - Line B) (Not feasible if less than zero) | | 38,571.00 |

## Exhibit 5 - Investment Property Analysis

**Properties with Positive Monthly Cash-Flow:**

Real Property #1 Income: 39085 Mount Vernon

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| $3,500.00 (rent to be increased from 2,875) | 1st 2913.88 | Included | Included | None | $586.00 |
| | 2nd | | | | |
| | 3rd | | | | |

[Add additional tables for additional real property]

| **A. Total Positive Cash Flow** | 586.00 |
|---|---|

**Properties with Negative Monthly Cash-Flow:**

Real Property #2 Income: 39057 Mount Vernon

| Rental Income | Mortgage | Insurance | Property Taxes | Other Expenses | Net Income |
|---|---|---|---|---|---|
| 3,500.00 (rent to be increased from 2,100) | 1st 3,003.00 | 85.00 | 602.00 | | (190.00) |
| | | | | | |
| | | | | | |

| **B. Total Negative Cash Flow** | 190.00 |
|---|---|



Case: 14-41486 Doc# 65 Filed: 06/05/15 Entered: 06/05/15 23:17:03 Page 22 of 22