JaVonne M. Phillips, Esq. SBN 187474
Kelly M. Raftery, Esq. SBN 249195
McCarthy & Holthus, LLP
1770 Fourth Avenue
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for HSBC Bank USA National Association, as Trustee on behalf of the certificate holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA3, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

Charles Michael Swan,

Debtor.

Case No. 14-41486 CN

Chapter 11

**MOTION TO APPROVE STIPULATION FOR PLAN TREATMENT ON FIRST LIEN SECURED BY REAL PROPERTY AT 39085 MOUNT VERNON AVENUE, FREMONT, CA 94538**

[no hearing]

Judge: Charles Novack

HSBC Bank USA National Association, as Trustee on behalf of the certificate holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA3, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc. ("Secured Creditor") first lien holder of the loan secured by real property located at 39085 Mount Vernon Avenue, Fremont, CA 94538 ("Subject Property") and Charles Michael Swan ("Debtor") by and

1

File No. CA-14-106813
Motion for Approval of Stipulation, Case No. 14-41486 CN

through their attorneys of record herein move this Honorable Court for an order approving the parties agreement to claim treatment for the Subject Property under Debtor's Chapter 11 Plan. This motion is filed pursuant to Federal Rule of Bankruptcy Procedure 4001(d)(1)(A)(iii) and (d)(4). The parties are seeking approval of their stipulation which provides for adequate protection payments to Secured Creditor and modifies the treatment described under the proposed Chapter 11 plan of reorganization.

**Adequate Protection Payments**

Secured Creditor and Debtor agree that beginning on June 1, 2015, Debtor will begin making payments in the amount of $2,054.35 + tax + insurance impound, per month, as adequate protection pursuant to the terms of the loan modification agreement ("loan modification agreement"), attached hereto as **Exhibit 1**. If Debtor confirms a plan in this instant case these payments will be applied under the agreed plan treatment and loan modification outlined below and attached hereto as **Exhibit 1**.

**Valuation**

Secured Creditor's claim with regard to its first lien on the Subject Property will remain fully secured.

**Plan Treatment for First Lien Secured by the Subject Property**

1. Debtor has agreed to, and signed, the loan modification agreement ("loan modification agreement"), attached hereto as **Exhibit 1**, and if any terms of the loan modification agreement are in conflict with the terms of this stipulation, or Debtor's confirmed Plan, the loan modification agreement terms will control.
2. Any prior default with regard to Secured Creditor's first lien on the Subject Property is cured through the effectuation of the loan modification agreement through June 1, 2015 as described in **Exhibit 1**.
3. The original Deed of Trust and Note shall remain in full force and effect unless directly modified by the loan modification agreement attached as **Exhibit 1**.

4. Secured Creditor shall impound Debtor's account ending in 2766 for taxes and insurance and Debtor is obligated to pay the monthly escrow payment in addition to the principal and interest payment. Debtor understands that the escrow payment amount may vary.

5. Payments shall be made directly to Secured Creditor at: Select Portfolio Servicing, Inc., PO Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 2766, or as otherwise directed.

6. Secured Creditor shall have relief from the automatic stay as to the Subject Property upon confirmation of Debtor's Chapter 11 Plan.

7. Debtor agrees to incorporate the agreed terms of the loan modification agreement into any and all existing and/or future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan are conflicting with the terms of this stipulation or the modification agreement, the stipulation and/or modification terms will control.

8. If Debtor defaults on monthly payments required under this agreement prior to confirmation of his Chapter 11 Plan, Secured Creditor shall notify Debtor and Debtor's counsel (if applicable) of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, plus an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a Declaration of Default and Order Terminating the Automatic Stay. Upon entry of the Order, the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with and hold a trustee's sale of the Subject Property, pursuant to applicable state law, without further Court Order or proceeding being necessary. Upon entry of Order, Secured Creditor may also commence any action necessary to obtain complete possession of the Subject Property, including unlawful detainer, if required.

9. If Debtor defaults after confirmation of his Chapter 11 Plan the following Default Provision will control: If Debtors fail to make any payment required under the Plan, maintain taxes and insurance, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the Secured Creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in

3

File No. CA-14-106813
Motion for Approval of Stipulation, Case No. 14-41486 CN

Case: 14-41486   Doc# 86   Filed: 08/10/15   Entered: 08/10/15 09:29:00   Page 3 of 4

material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

10. Debtor agrees to incorporate the above agreed terms of lien treatment and default provision into any and all future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan are conflicting with the terms of this stipulation, the stipulation terms will control.

11. Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment and default provision contained in this stipulation.

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an order authorizing adequate protection payments to Secured Creditor as described above;

2. For an order approving the parties stipulation on claim treatment with regard to the first lien on the Subject Property as described above and in the stipulation attached hereto as **Exhibit 1**;

3. For any other such relief that this Honorable Court deems appropriate.

Dated: 8/6/2015　　　　　　　　　　　McCarthy & Holthus, LLP

By: /s/ Kelly M. Raftery, Esq.
Kelly M. Raftery, Esq.
Attorney for Secured Creditor,
HSBC Bank USA National Association, as Trustee on behalf of the certificate holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA3, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.